Filed 7/14/15  P. v. Bryant CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NATHANIEL BRYANT,<br><br>    Defendant and Appellant. | B256625<br><br>(Los Angeles County<br>Super. Ct. No. NA096675) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gary J. Ferrari, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Nathaniel Bryant was charged in an information with having committed petty theft (Pen. Code, § 484, subd. (a))[1] on August 26, 2013 with allegations he had suffered three prior theft-related convictions within the meaning of section 666. The information specially alleged Bryant had committed the theft offense while released from custody on bail under section 12022.1, had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)) and had previously served 10 separate prison terms for felonies (§ 667.5, subd. (b)). Bryant pleaded not guilty and denied the special allegations.

Prior to trial, the trial court heard and granted the People's motions to impeach Bryant with his prior theft-related convictions if he elected to testify and to introduce a prior uncharged offense under section 1101, subdivision (b) to show Bryant's intent and common design or plan to commit the charged theft offense.

According to the evidence presented at trial, on the afternoon of August 26, 2013, Bryant entered a Target store in Long Beach, tore open a package containing a Bluetooth headset, placed it on his head and left the store without paying for it. Target store employees confronted Bryant outside the store and, after a brief struggle, detained him until the police arrived. Initially, Bryant admitted to Target employees he had stolen the headset, but then claimed it belonged to him. The stolen headset was recovered from Bryant.

On the morning of June 22, 2013, Bryant entered a Target store in Compton, tore open a package containing a Bluetooth headset and put it in his pocket. A store employee notified the police who later detained Bryant. The stolen headset was found in Bryant's pocket. The jury found Bryant guilty of petty theft. Bryant's post-conviction motion to replace his appointed counsel was denied. (*People v. Marsden* (1970) 2 Cal.3d 118.)

At sentencing, the trial court imposed an aggregate state prison term of 13 years, consisting of six years (double the upper three-term year under the three strikes law) plus two years for the out-on-bail enhancement, plus five one-year terms for the prison term

---

[1]     Statutory references are to the Penal Code, unless otherwise indicated.

enhancements.  The court dismissed the remaining prior prison term enhancements in the interests of justice (§ 1385).

On January 6, 2015, the trial court granted Bryant's petition to reduce the conviction to a misdemeanor and resentenced him to a term of 365 days in any state facility.[2]

## DISCUSSION

We appointed counsel to represent Bryant on appeal.  After examination of the record, counsel filed an opening brief raising no issues.  On March 16, 2015, we advised Bryant he had 30 days in which to personally submit any contentions or issues he wished us to consider.  We have received no response.

We have examined the record and are satisfied Bryant's attorney on appeal has fully complied with the responsibilities of counsel and there are no arguable issues.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

---

[2]     On November 4, 2014, California voters approved Proposition 47, the "Safe Neighborhoods and Schools Act."  In sum, Proposition 47: (1) requires a misdemeanor sentence instead of a felony sentence for certain drug possession offenses; (2) requires a misdemeanor sentence instead of a felony sentence for the crimes of petty theft, receiving stolen property, and forging/writing bad checks, when the amount involved is $950 or less; (3) allows a felony sentence (excluding a defendant from a misdemeanor sentence) for the crimes specified above if a defendant has prior conviction listed under section 667, subdivision (e)(2)(C)(iv), or a prior conviction for an offense requiring sex offender registration under section 290; and (4) requires resentencing for defendants serving felony sentences for the crimes specified above unless the trial court finds an unreasonable public safety risk.  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) Official Title and Summary, pp. 34, 70; see e.g., §§ 459.5, subd. (a), 473, subd. (b), 476a, subd. (b), 490.2, subds. (a), (b), 496, subd. (a), 666, subds. (a), (b), Health & Saf. Code, §§ 11357, subds. (a), (b).)  The initiative became effective on November 5, 2014.  (Cal. Const., art. II, § 10, subd. (a).)

**DISPOSITION**

The judgment is affirmed.


ZELON, J.


We concur:


PERLUSS, P. J.


STROBEL, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4